IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEWIS GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-916-SLP |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | District Court of Grady County |
| COMPANY; JULIA D. CHEW | ) | Case No. CJ-2025-21 |
| INSURANCE AGENCY, INC., | ) | |
| SEEK NOW, INC., and | ) | |
| BLAKE DAWSON, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are: (1) Plaintiff's Motion to Remand [Doc. No. 12]; and Plaintiff's Motion to Strike Seek Now and Dawson's Untimely Consent to Removal [Doc. No. 22]. These matters are fully briefed. *See* Defs.' Responses [Doc. Nos. 15, 18 23] and Pl.'s Replies [Doc. Nos. 19 and 20].[1] For the reasons that follow Plaintiff's Motion to Remand is GRANTED and Plaintiff's Motion to Strike is DENIED as MOOT.

**I.    Introduction and Procedural History**

Plaintiff, an individual domiciled in Oklahoma, brings suit against four Defendants two of whom are of diverse citizenship, State Farm Fire and Casualty Company (State Farm) and Seek Now, Inc. (Seek Now) and two of whom are of nondiverse citizenship,

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

Julia D. Chew Insurance Agency, Inc. (Chew) and Blake Dawson (Dawson).[2] Plaintiff initiated her action in the District Court of Grady County, State of Oklahoma and the action was then removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. At the time of removal, all Defendants had been served. *See* Doc. Nos. 1-10 (State Farm), 1-11 (Seek Now), 1-12 (Chew) and 1-13 (Dawson).

The Notice of Removal [Doc. No. 1], filed on August 14, 2025, was filed only on behalf of Defendants State Farm and Chew (the Removing Defendants). Seek Now, represented by different counsel, did not join in the Notice of Removal. And, notably, the Notice of Removal is silent as to the issue of Seek Now's consent to removal. On October 10, 2025, 57 days after the filing of the Notice of Removal, Seek Now attempted to provide notice of its consent. *See* Consent to Removal [Doc. No. 21].

Plaintiff moves to remand this action to state court. Plaintiff contends that the Removing Defendants have failed to satisfy 28 U.S.C. § 1446(b)(2)(A)'s unanimity requirement because neither Defendants Blake nor Seek Now consented to removal. Plaintiff moves to strike the Consent to Removal filed by Seek Now as untimely and ineffectual. Plaintiff further argues that subject matter jurisdiction is lacking because the parties are non-diverse and contests the allegations in the Notice of Removal that Defendants Blake and Chew, the non-diverse defendants, have been fraudulently joined.

---

[2] *See* Notice of Removal [Doc. No. 1], ¶¶ 3-7; *see also* Disclosure Stmts. [Doc. Nos. 6, 9 and 10].

## II. Governing Law

Remands are governed by 28 U.S.C. § 1447(c) which sets forth two categories of remands: (1) "lack of subject matter jurisdiction" and (2) "defects in removal procedure." *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006); *see also C&M Resources, LLC v. Extraction Oil & Gas, Inc.*, 159 F.4th 755, 761 (10th Cir. 2025) ("Because cases are removed to federal court by notice, rather than motion, motions for remand contest the satisfaction of jurisdictional and procedural hurdles to removal.").[3]

"[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

## III. Discussion

Here, Plaintiff contests satisfaction of both procedural and jurisdictional hurdles. As to the former, Plaintiff moves for remand based on the Removing Defendants' failure to comply with 28 U.S.C. § 1446(b)(2)(A) which requires that "all defendants who have

---

[3] Section 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

been properly joined and served must join in or consent to the removal of the action." Courts deem this procedural requirement the rule of unanimity and "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah & Ouray Reserv.*, 797 F.3d 800, 805 (10th Cir. 2015).

It is undisputed that Seek Now had been properly served at the time of the filing of the Notice of Removal and did not consent to removal at that time.[4] Indeed, the Notice of Removal is wholly silent with respect to the issue of Seek Now's consent. This defect alone would support a remand. *See, e.g., Hood v. PowerPay, LLC*, No. 1:22-cv-00018-RJS, 2023 WL 184167 at *4 & n. 40 (D. Utah Jan. 13, 2023) (recognizing that "sister courts have found that . . . a failure to affirmatively explain the absence of any co-defendants in the notice of removal renders the notice defective and compels a remand" (collecting cases)).[5]

---

[4] It is also undisputed that Dawson did not consent to removal. The Court need not consider the issue of Dawson's consent and whether, as a non-diverse defendant, his consent was required based on allegations of fraudulent joinder, because the Court finds that regardless, Seek Now's consent was required and was not timely obtained.

[5] The Notice of Removal states that "consent by the Fraudulently Joined Defendants is not required", *see id*. at ¶ 40, and haphazardly references Seek Now as one of the "Fraudulently Joined Defendants", *id*. at ¶ 7, n. 2. But the Removing Defendants then address fraudulent joinder *only* as to Chew and Dawson. *See, e.g*., *id*., ¶ 8 ("Even though the Chew Insurance Agency and Dawson are residents of the State of Oklahoma, their citizenship is immaterial because they are fraudulently joined parties against whom Plaintiff does not have any possibility of recovery." (citation omitted)). In doing so, the Removing Defendants appear to concede that the doctrine of fraudulent joinder, as discussed infra, does not apply to Seek Now, a diverse defendant. Elsewhere in the Notice of Removal, the Removing Defendants argue that Seek Now is "improperly joined" because "Plaintiff's tortious interference claim is not grounded in a cognizable legal theory." *Id*. at ¶ 33. Such argument is directed at the plausibility of Plaintiff's claims against Seek Now, not the *jurisdictional* issue of fraudulent joinder.

Seek Now first asserted its consent outside the thirty-day period for Plaintiff to file a motion to remand. *See* 28 U.S.C. § 1447(c). Seek Now's consent simply comes too late. *See Three J Hospitality LLC v. Mesa Underwriters Specialty Ins. Co.*, No. CIV-23-1045 JCH/DLM, 2024 WL 3226688 (D.N.M. June 28, 2024) (consent to removal filed well beyond the 30-day removal period and after the plaintiff filed its motion to remand was untimely and case would be remanded on grounds of a defective removal for violation of the unanimity rule) (citing, inter alia, *Taylor v. Medtronic, Inc.* 15 F.4th 148, 149 (2d Cir. 2021) ("A properly served defendant cannot cure a failure to timely consent to removal by later providing untimely consent.")); *see also Hood*, 2023 WL 184167 at *4 (where removing defendant "neither obtained the Non-Removing Defendants consent nor affirmatively explained their absence in the notice itself" the removal "was improper *ab initio*, compelling remand"). The Court finds the consent, therefore, to be ineffectual.

Furthermore, Seek Now responded to Plaintiff's Motion to Remand and left the issue of its lack of consent wholly unaddressed. *See* Resp. [Doc. No. 15]. The Court, therefore, deems the Motion confessed as to this issue. *See* LCvR 7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."); *cf. See Lopez v. Cantex Health Care Ctrs. II, LLC*, No. 23-2038, 2023 WL 7321637, at *4-5 (10th Cir. Nov. 7, 2023) (noting that "[a] remand order is not a merits disposition because the case will continue in state court" and, upholding district court's decision to grant motion to remand based on lack of timely response pursuant to local rule permitting district court to grant motion as uncontested) (citing *Parker v. Comm'r, SSA*, 845 F. App'x 786, 787-88 (10th Cir. 2021) (affirming Rule 12(b)(1) dismissal for lack of

5

jurisdiction based on the application of local rule permitting district courts to grant motions as uncontested following a party's failure to respond)).[6]

As a final matter, the Court notes that Seek Now argued, in response to Plaintiff's Motion to Strike, that it has been fraudulently joined in this action. *See* Doc. No. 23. According to Seek Now, a fraudulently joined defendant need not provide consent to removal. *Id*. at 4-6. But this argument is misplaced.

Generally, when a non-diverse defendant has been fraudulently joined, that defendant is ignored for the purpose of assessing whether complete diversity exists. *See, e.g., Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). But Seek Now is a diverse, out-of-state defendant. The doctrine of fraudulent joinder – which is intended to prevent plaintiffs from joining *non-diverse* defendants *in an effort to defeat federal jurisdiction* – does not apply to Plaintiff's claims against Seek Now. *See Long v. Halliday*, 768 F. App'x 811, 813 (10th Cir. 2019) ("[F]raudulent joinder is an exception to the complete diversity requirement when there is no cause of action stated against a *resident* defendant" or "when the *resident* defendant serves only to frustrate federal jurisdiction." (emphasis added) (citing *Smoot v. Chicago, Rock Island & Pacific R.R. Co*., 378 F.2d 879, 882 (10th Cir. 1967)); *see also Hernandez v. Cooper Tire & Rubber Co*., No. 12-1399-JWL, 2013 WL 141648 at *2 (D. Kan. Jan. 11, 2013) (rejecting the defendant's argument that consent under § 1446(b)(2)(A) is not required for a diverse, out-of-state defendant on grounds of

---

[6] In its Response to Plaintiff's Motion to Strike, Seek Now purports to argue that Plaintiff first raised the issue of Seek Now's lack of consent in Plaintiff's Reply in support of his Motion to Remand. *See* Doc. No. 23 at 2-3, ¶ 11. But the record is clear that Plaintiff first raised this issue in his Motion to Remand. *See* Doc. No. 12 at 13-14.

fraudulent joinder and explaining that joinder is fraudulent when the sole purpose is to frustrate federal jurisdiction).

Notably, Seek Now makes its fraudulent joinder argument in the collective, asserting that "*these Defendants* are fraudulently joined parties." *Id*. (emphasis added). Seek Now conspicuously fails to distinguish itself, as a diverse defendant, from Chew and Dawson, the non-diverse defendants. Accordingly, the Court rejects Seek Now's fraudulent joinder argument.

As set forth, Plaintiff also moves for remand, arguing that the non-diverse Defendants, Chew and Dawson, have not been fraudulently joined as argued in the Notice of Removal. Plaintiff contends, therefore, that because their citizenship must be considered, diversity jurisdiction is lacking. The Court deems it unnecessary to address this issue, having found the removal is procedurally defective under § 1446(b)(2)(A).

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 12] is GRANTED.[7] This action is remanded to the District Court of Grady County, State of Oklahoma. The Clerk of Court is directed to take all actions necessary to effect the remand.

---

[7] In wholly conclusory fashion and without citation to any authority, Plaintiff asks that "costs and fees" be awarded based on a lack of any "good faith basis for removal." *See* Doc. No. 12 at 33. Although there is statutory authority for the award of costs and fees, *see* 28 U.S.C. § 1447(c), the Court declines to award the same given Plaintiff's failure to address the issue more fully.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike [Doc. No. 22] is DENIED as MOOT.

IT IS SO ORDERED this 3rd day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE